UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE L. FLORES,

                Plaintiff,

-against-

AMBER VANG (SOCIAL SECURITY), et al.,

                Defendants.

1:24-CV-4536 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valerie L. Flores filed this *pro se* action under 42 U.S.C. § 1983, seeking damages and injunctive relief. She sues: (1) Amber Vang, a social worker employed at the Sacramento Family Justice Center, in Sacramento, California; (2) the Sacramento Family Justice Center itself; (3) "Unknown African American Female Social Worker Co-Worker'"; (4) Rebecca Irwin, a social worker employed at either the San Bernardino Public Defender's Office, in San Bernardino, California, or at the Sacramento Family Justice Center; (5) "San Bernardino County/West Valley Detention Ctr./GHRC," located in San Bernardino, California; (6) Jessica Gardard, Esq.; (7) the San Bernardino District Attorney; (8) the San Bernardino Public Defender's Office; (9) "Hotline Bail Bonds (California)"; (10) Dr. Charles Leeb; (11) Dr. Adnara Velazquez; and (12) Dr. Veronica Montes. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California.

## DISCUSSION

Under the appropriate venue provision for Plaintiff's claims, this action must be brought:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the individual defendants, alleging only that the institutional defendants reside in either Sacramento County, California, within the Eastern District of California, *see* 28 U.S.C. § 84(b), or in San Bernardino County, California, within the Central District of California, *see* § 84(c)(1). In any case, it is clear that this court is not a proper venue for this action under Section 1391(b)(1)(A).[1]

Plaintiff also alleges that the events that are bases for her claims occurred in Sacramento County and in San Bernardino County (ECF 1, at 3), within the Eastern and Central Districts of California, respectively, *see* § 84(b), (c)(1). Thus, it would appear that, while this court is also not a proper venue for this action under Section 1391(b)(2), the United States District Court for the Eastern District of California and the United States District Court for the Central District of California are proper venues for this action under that provision.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As this court is clearly not a proper venue for

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

this action, and because it seems that most of the alleged events took place in San Bernardino County, in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 14, 2024
         New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge